21 F.3d 427
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Lance DRISKELL, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 93-2387.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1994.
 
 Before: NELSON, SUHRHEINRICH and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff, Lance Driskell, appeals a district court order granting summary judgment in favor of the defendant, General Motors Corporation, in this labor relations case. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The background facts, which we shall not repeat here, are set forth at pages 1 through 3 of the district court's order granting defendant's motion for summary judgment. Suffice it to say that plaintiff alleges that until 1992 the defendant wrongfully deducted monies from his pay in violation of a 1983 grievance settlement and a collective bargaining agreement.
 
 
 3
 On July 31, 1992, the defendant filed a motion for summary judgment. In an order and judgment dated June 21, 1993, the district court granted the defendant's motion. The district court held that plaintiff's claim was barred by the doctrine of res judicata and by the running of the applicable statute of limitations. Plaintiff's motion to amend the judgment was denied in an order dated September 24, 1993.
 
 
 4
 Upon review, we conclude that summary judgment was proper because there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993).
 
 
 5
 Plaintiff's claim must be analyzed under the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 301, because plaintiff alleges that GM failed to compensate him in accordance with the governing collective bargaining agreement. All suits alleging violations of labor contracts must be brought under section 301 and resolved under federal law. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210 (1985). Actions brought under the LMRA are subject to a six-month statute of limitations. McCreedy v. Local Union No. 971, UAW, 809 F.2d 1232, 1237-39 (6th Cir.1987) (citing DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 169 (1983)). In general, "[a] claim accrues [under Sec. 301] ... when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violations." Robinson v. Central Brass Mfg. Co., 987 F.2d 1235, 1239 (6th Cir.) (citing Adkins v. International Union of Elec., Radio & Mach. Workers, 769 F.2d 330, 335 (6th Cir.1985)), cert. denied, 114 S.Ct. 92 (1993).
 
 
 6
 In the instant case, the alleged breach was the defendant's failure to pay plaintiff the full amount of the wages due under the collective bargaining agreement and the 1983 grievance settlement. The plaintiff's cause of action accrued late in 1983, when the plaintiff discovered that the defendant was making the allegedly improper deductions from his paychecks. Plaintiff did not file his complaint until March 6, 1992, long after the six-month statute of limitations had expired. We therefore agree with the district court that plaintiff's LMRA claim is time-barred.
 
 
 7
 Plaintiff argues that his suit is not a hybrid Sec. 301 suit (i.e., breach of contract/breach of duty of fair representation), and, therefore, it is governed by the applicable state statute of limitations, not the LMRA. Even if we were to accept this argument, plaintiff's claim would still be time-barred. The statute of limitations for breach of contract actions in Michigan is six years. Mich.Comp.Laws Ann. Sec. 600.5807(8). Plaintiff's claim, if any, would have accrued in 1983 when the defendant first failed to make required payments. Plaintiff did not commence this action until 1992, approximately nine years later, so his claim is clearly time-barred even under Michigan's breach of contract statute of limitations.
 
 
 8
 Even if plaintiff's complaint was timely, summary judgment is proper because the complaint is barred by res judicata. Under this doctrine, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Kremer v. Chemical Constr. Corp., 456 U.S. 461, 467 n. 6 (1982).
 
 
 9
 Res judicata is established by showing the existence of four elements: 1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; 2) the second action involved the same parties as the first; 3) the second action raises issues actually litigated or which should have been litigated in the first action; and 4) there is an identity of the causes of action. Sanders Confectionery Prods., Inc. v. Heller Financial, Inc., 973 F.2d 474, 480 (6th Cir.1992), cert. denied, 113 S.Ct. 1046 (1993).
 
 
 10
 In 1987 the plaintiff sued the same defendant to recover money allegedly owed him pursuant to the 1983 grievance settlement. The claim was dismissed with prejudice on stipulation of the parties. Stipulated judgments are accorded res judicata effect. See United States v. Southern Ute Trike, 402 U.S. 159 (1971). In the case at bar the plaintiff alleges that the defendant wrongfully deducted money from his pay in violation of the grievance settlement and collective bargaining agreement. The issue of the validity of deductions under the grievance settlement was litigated in 1987; the validity of the deductions under the collective bargaining agreement could have been litigated in the same action. The 1987 and 1992 claims arose from the same set of operative facts. The elements of res judicata have been established in this case, and the granting of summary judgment on this basis was proper.
 
 
 11
 The district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.